IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHERYL DOWELL                                                                                    PLAINTIFF

v.                                          CIVIL NO. 12-5018

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Cheryl Dowell, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner). Defendant has filed a motion to dismiss Plaintiff's claim on the ground that it is barred by the time limitation specified in 42 U.S.C. § 405(g). (Doc. 10). Plaintiff did not file a response.

On October 1, 2010, the ALJ issued a written decision denying Plaintiff's application for supplement security income (SSI) benefits. (Doc. 10, Oritz Decl. Exh. 1, p.3). Plaintiff subsequently appealed the ALJ's unfavorable decision to the Appeals Council, who denied her request for further review on November 16, 2011, making the ALJ's decision the final decision of the Commissioner. Id. In the Notice of denial, Plaintiff was notified that she had 60 days from receipt of the notice to file a complaint in federal court, and that it was assumed that Plaintiff received the notice 5 days after the date of the notice. (Doc. 10, Oritz Decl. Exh. 1, p. 9). On February 1, 2012, Plaintiff commenced this action in federal district court requesting review of the Commissioner's unfavorable decision. (Doc. 1).

The Defendant asserts that Plaintiff's complaint fails to state a claim upon which relief

can be granted since it was not filed within the time limitation specified in 42 U.S.C. § 405(g), which requires that a civil action be commenced within 60 days after the date of mailing to the Plaintiff of notice of the final decision of the Commissioner of Social Security, or within any time as extended by the Appeals Council of the Social Security Administration.

## Discussion

Title 42 U.S.C. § 405(g) provides for judicial review of final decisions of the Commissioner of Social Security and includes a 60-day statute of limitations for seeking such review. Pursuant to § 405(g),

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The relevant regulations provide that a civil action under § 405(g) "must be commenced within 60 days after notice of the Appeals Council decision is received by the individual .... except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. §422.210(c). The regulations further provide that the date the individual receives notice is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id.; see also Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 436 (6th Cir.2007) (accepting the SSA's interpretation that "mailing" is the same as "receipt" in Social Security cases). Receipt of notice by either the claimant or the claimant's attorney, whichever occurs first, triggers the 60-day limitations period. Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir.2003) (per curiam).

The 60-day time period is not jurisdictional, but rather constitutes a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 478, (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481. In the absence of equitable tolling, failure to comply with the 60-day limitations period warrants dismissal. Bess, 337 F.3d at 989; Turner v. Bowen, 862 F.2d 708, 710 (8th Cir.1988) (per curiam).

Here, the Appeals Council's decision denying Plaintiff's request for review is dated November 16, 2011. Under the regulations, receipt of the notice would be presumed five days thereafter, in this case on November 21, 2011, unless there is a reasonable showing to the contrary. Thus, to be considered timely, Plaintiff must have commenced her civil action on or before January 20, 2012. Plaintiff's Complaint in this case was filed on February 1, 2012, and the record before the court shows no earlier commencement date. Additionally, Plaintiff has presented no extraordinary circumstances to justify extending the 60 day period.

The Court finds that Plaintiff's complaint was not filed within 60 days after the presumed receipt of the final decision of Commissioner, or within any time as extended by the Appeals Council. The Court further finds no extraordinary circumstances present in this case to justify extending the 60 day period. Accordingly, the Court finds that Plaintiff's compliant fails to state a claim upon which relief can be granted and this action should be dismissed.

Based on the above, the Court recommends Defendant's Motion to Dismiss be granted and that Plaintiff's complaint be dismissed without prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver**

AO72A
(Rev. 8/82)

**of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of May, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)